UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br>WALTER LEON BROOKS<br>SSN: XXX-XX-5968<br><br>Debtor(s). | CASE NO. 06-81704-JAC-7<br><br>CHAPTER 7 |
| AMERIQUEST MORTGAGE<br>COMPANY, a Delaware Corporation,<br>and WM SPECIALTY MORTGAGE<br>LLC, a Delaware limited liability company<br><br>Plaintiff(s),<br>v.<br><br>WALTER LEON BROOKS and<br>TAZEWELL T. SHEPARD, trustee,<br><br>Defendant(s). | A.P. No. 07-80114-JAC-7 |

**MEMORANDUM OPINION**

On April 7, 2008, this case came before the Court to be heard on plaintiffs' motion for summary judgment. Plaintiffs argue that the debtor is judicially estopped from prosecuting the claims asserted by the debtor against Ameriquest Mortgage Company and WM Speciality Mortgage LLC in a pending state court action and that recovery by the debtor's Chapter 7 trustee in that action is due to be limited to the amount of unsecured claims filed in the bankruptcy case, plus reasonable attorney fees, based on debtor's failure to list the cause of action as an asset in his Chapter 7 petition.

Pursuant to Federal Rule of Civil Procedure 56(c) and Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Gray v. Manklow (In re Optical Tech., Inc.,* 246 F.3d 1332, 1334 (11th Cir. 2001); and *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. A1 Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). Upon due consideration of the pleadings and respective submissions of the parties, the Court finds that there is no genuine issue of material fact in the present case and that the plaintiffs are entitled to judgment as a matter of law.

### *FINDINGS OF FACT*

On November 18, 2005, ten months before the debtor filed the above styled petition, the debtor initiated an action against Ameriquest *pro se* in the Circuit Court of Madison County Alabama, case no. 2005-002325. Debtor's various state court claims are related to real property which was foreclosed upon and sold in 2002 by WM Speciality Mortgage after Ameriquest assigned the debtor's loan to the mortgage company.

On August 28, 2006, the debtor filed the above styled petition under Chapter 7 of the Bankruptcy Code. In this proceeding debtor did have a licensed attorney. The debtor failed to list the pending civil action in his petition. Debtor answered none to question 20 on Schedule B which required the debtor to identify all "[c]ontingent and unliquidated claims of every nature, including tax refunds, counterclaims of debtor, and rights to setoff claims." Debtor also answered none to question 33 on Schedule B which required the debtor to list "other personal property of any kind not already listed." Again on question 4 of the Statement of Financial Affairs, the debtor checked none

Case 07-80114-JAC    Doc 27    Filed 04/10/08    Entered 04/10/08 11:42:39    Desc Main
Document      Page 2 of 8

on the line provided for listing all suits and administrative proceedings to which the debtor was a party within one year of the petition date.

On September 29, 2006, the debtor's Chapter 7 trustee held the debtor's § 341 meeting of creditors. The trustee questioned the debtor at the meeting and asked whether he had sued anyone and whether anyone owed the debtor any money. The debtor responded "no" to each question.

On October 20, 2006, the trustee filed a final report in the debtor's no asset case. On December 4, 2006, the Court entered the debtor's Chapter 7 discharge. Two and a half months later, on February 23, 2007, the debtor filed an amended and restated complaint in the state court action through the attorney that now represents him, Elizabeth T. Cvetetic, Esq., and added WM as a defendant. One month later, on March 26, 2007, the debtor filed a motion to reopen his Chapter 7 case to add three unscheduled creditors that had obtained judgments against the debtor prior to the petition date. The debtor failed, however, to disclose the pending litigation as an asset and the Court denied the debtor's motion to reopen his no asset case.

On August 27, 2007, Ameriquest and WM filed an amended answer to the complaint asserting the defenses of standing and judicial estoppel based upon debtor's failure to disclose the state court action in his bankruptcy petition. Thereafter, it appears that the debtor finally notified his Chapter 7 trustee of the pending litigation and on September 20, 2007 the trustee filed a motion to reopen the Chapter 7 case which the Court granted. With Court approval, the trustee has hired Cvetetic as special counsel to represent the trustee in the state court action.

At the hearing on summary judgment, the debtor argued that he failed to list the cause of action in his original petition because he believed that the complaint had been dismissed for failure to pay filing fees. Alternatively, the debtor argued that his bankruptcy attorney did not properly

advise him to list all potential causes of action in his petition. The debtor also argues that the defendants are not entitled to summary judgment because they are not coming to this Court with clean hands.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Court finds that the debtor is hereby judicially estopped from pursuing the various state law claims asserted against Ameriquest and WM based upon his intentional failure to disclose same in his bankruptcy petition. The doctrine of judicial estoppel precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."[1] In *Barger v. City of Cartersville, Georgia (In re Barger),* 348 F.3d 1289 (11th Cir.2003), the Eleventh Circuit held that the key factors in determining judicial estoppel are: (1) a party's allegedly inconsistent positions must have been made under oath in a prior proceeding, and (2) the inconsistencies must be shown to have been calculated to make a mockery of the judicial system. There is no doubt that the first factor has been satisfied by the debtor's failure under oath to disclose the lawsuit as an asset in his bankruptcy schedules. The Court further finds that the debtor's inconsistent positions were calculated to make a mockery of the judicial system. The debtor's motive is clear. By omitting the pending state court action from his schedules, the debtor was able to obtain a complete discharge of his debts in Chapter 7 while keeping the potential proceeds from the action for himself. The debtor filed the suit ten months before filing his Chapter 7 petition, filed and amended complaint two and a half months after he received his Chapter 7

---

[1] *Barger v. City of Cartersville, Georgia (In re Barger),* 348 F.3d 1289, 1293-94 (11th Cir. 2003).

discharge, and clearly had motive to conceal the asset. Hence, the Court finds that the debtor intentionally failed to disclose this asset and is judicially estopped from asserting any recovery from same now.

In *Barger v. City of Cartersville (In re Barger)*, 348 F.3d 1289 (11 Cir. 2003), the Eleventh Circuit was faced with a case in which the debtor informed her bankruptcy attorney about a discrimination suit she had filed before filing her bankruptcy petition, but the debtor's petition stated that the debtor had not been a party to any suit in the year preceding her petition. The debtor signed the Statement of Financial Affairs under oath which declared that she had read the petition and its contents were true and accurate. The debtor contended that her disclosure of the claim to her bankruptcy counsel was evidence that she did not engage in any intentional manipulation calculated to make a mockery of the judicial system. The Eleventh Circuit rejected the argument that the debtor's failure to disclose could be blamed on her attorney. The court stated:

> Although it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit, the attorney's omission is no panacea. As the Supreme Court stated in *Link v. Wabash R.R. Co.,* 370 UJ.S. 626, 633-34, 82 S.Ct. 1386, 1386, 6 L.Ed.2d 734 (1962), "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." . . . "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant.[2]

---

[2] *Barger v. City of Cartersville (In re Barger)*, 348 F.3d 1289, 1295 (11 Cir. 2003)(citations omitted).

In conformity with the Eleventh Circuit's findings in *Barger*, this Court must reject the debtor's suggestion that his a failure to disclose the cause of action in his original petition and at the § 341 meeting of creditors can somehow be blamed on his attorney. As the Eleventh Circuit explained, "failure to comply with the Bankruptcy Code's disclosure duty is 'inadvertent' only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment."[3] Clearly, the debtor did not lack knowledge of the undisclosed claim and he had motive for concealing same to obtain his Chapter 7 no asset discharge.

The debtor's argument that he thought the complaint had been dismissed for failure to pay filing fees is also suspect given the fact that the debtor initiated the cause of action only ten months before filing his petition, and then filed an amended and restated complaint just two and half months after he received his Chapter 7 discharge. His position is further clouded by the fact that he subsequently filed a motion to reopen his Chapter 7 petition to obtain additional relief from this Court against pre-petition judgment creditors but failed at the same time to satisfy his continuing duty to amend his petition to disclose the pending cause of action as an asset. Indeed, the debtor failed to disclose the asset until Ameriquest and WM raised the issue of standing and judicial estoppel in the state court action as a defense.

Now the debtor argues that Ameriquest and WM are not entitled to summary judgment based on the theory of unclean hands, but the Court finds that it is the debtor who comes to this Court with unclean hands. Any acts upon which the debtor asserts that Ameriquest and WM have unclean hands are based on the underlying theories of the debtor's complaint. Unfortunately, the debtor has

---

[3] *Id.*

lost any right to assert unclean hands as a defense in this Court when the debtor himself repeatedly failed to disclose this cause of action as an asset in this case.

Consistent with the Eleventh Circuits decisions in *Parker v. Wendy's International, Inc. (In re Parker)*, 365 F.3d 1268 (11th Cir. 2004); *Barger v. City of Cartersville (In re Barger)*, 348 F.3d 1289 (11 Cir. 2003) and *Burnes v. Pemco Aeroplex, Inc. (In re Burnes)*, 281 F.3d 1282 (11th Cir. 2002) and this Court's decisions in *In re Huggins*, 305 B.R. 63 (Bankr. N.D. Ala. 2003) and *In re Williams,* 310 B.R. 442 (Bankr. N.D. Ala. 2004), the Court finds that the debtor's failure to disclose was not inadvertent and that the debtor is judicially estopped from receiving recovery on the claims asserted against Ameriquest and WM in the state court action.

Based on the finding that the debtor's failure to disclose cannot be considered inadvertent, the Court will limit the trustee's recovery, if any, to the amount of the unsecured claims filed in this case, plus reasonable attorneys' fees, and reasonable expenses incurred by the trustee and special counsel to pursue the civil action and other administrative expenses in the case. The debtor clearly had personal knowledge of the potential cause of action and motive to conceal the asset to avoid administration of same in this case.

A separate order will be entered consistent with this memorandum opinion.

Dated: April 10, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb

xc:    Debtor(s)
        Elizabeth T. Cvetetic, attorney for debtor(s)
        Rita Dixon, attorney for Ameriquest
        Kevin Morris, attorney for trustee